## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CATHERINE BALSLEY** | ) | |
| **AKA CATHERINE BOSLEY** | ) | |
| **11820 Edgewater Drive** | ) | **CASE NUMBER:** |
| **Lakewood, Ohio 44107** | ) | |
| | ) | |
| **and** | ) | **JUDGE:** |
| | ) | |
| **RICHARD BROWN** | ) | |
| **1062 Shields Road** | ) | **COMPLAINT** |
| **Youngstown, Ohio 44511** | ) | |
| | ) | |
| **Plaintiffs,** | ) | ***(Jury Demand Endorsed Hereon)*** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **LFP, INC.** | ) | |
| **8484 Wilshire Boulevard, Suite 900** | ) | |
| **Beverly Hills, California 90211** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **HUSTLER, INC.** | ) | |
| **8484 Wilshire Boulevard, Suite 900** | ) | |
| **Beverly Hills, California 90211** | ) | |

Now come Plaintiffs, Catherine Balsley aka Catherine Bosley, and Richard Brown, by and through counsel, and for their Complaint, state as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq*.), and the statutory and common laws of the State of Ohio.

2.      This Court has original subject matter jurisdiction over all claims pursuant to 17 U.S.C. § 101 *et seq*.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright), and through the Court's pendent and supplemental jurisdiction.

3.      This Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Ohio and the Northern District of Ohio; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Ohio and the Northern District of Ohio; each Defendant has sought protection and benefit from the laws of the State of Ohio; each Defendant regularly conducts business within the State of Ohio and within the Northern District of Ohio; and Plaintiffs' cause of action arises, in part, from Defendants' business contacts and other activities in the State of Ohio and in the Northern District of Ohio.

4.      The Defendants directly and/or through intermediaries, ship, distribute, offer for sale, sell, and/or advertise their products and services in the United States, the State of Ohio, and the Northern District of Ohio.

5.      The Defendants have committed copyright infringement in the State of Ohio and in the Northern District of Ohio, have contributed to copyright infringement in the State of Ohio and the Northern District of Ohio, and/or have induced others to commit copyright infringement in the State of Ohio and in the Northern District of Ohio.

6.      The Defendants have also committed various violations of the statutory and common laws of the State of Ohio.

7.      The Defendants solicit customers in the State of Ohio and in the Northern District of Ohio.  Upon information and belief, the Defendants have many paying customers who reside in the State of Ohio and the Northern District of Ohio who each use the Defendants' respective products and services in the State of Ohio and in the Northern District of Ohio. Upon information and belief, the Defendants conduct continuous and systematic business in the State of Ohio and in the Northern District of Ohio.

8.      Plaintiffs reside in Ohio and in this District.

9.      Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PARTIES

10.     Catherine Balsley, aka Catherine Bosley (hereinafter "Bosley") is an individual who resides in both Cuyahoga County and Mahoning County, Ohio. Bosley is currently employed as a news reporter in Cleveland, Ohio.

11.     Richard Brown (hereinafter as "Brown") is an individual who resides in Mahoning County, Ohio.

12.     At all times mentioned herein, Bosley and Brown have been a married couple.

13.     Upon information and belief, Defendant Hustler, Inc. (Hustler) is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 8484 Wilshire Boulevard, Suite 900, Beverly Hills, California 90211.

14.     Upon information and belief, Defendant LFP, Inc. ("LFP") is the parent of Hustler, and is a corporation organized and existing under the laws of the State of California with its principal place of business located at 8484 Wilshire Boulevard, Suite 900, Beverly Hills, California 90211.

## BACKGROUND FACTS

15.     In March 2003, Bosley participated in a wet T-shirt contest in Florida.

16.     Unbeknownst to Plaintiffs, photographs and videotape of the wet T-shirt contest were created and thereafter distributed throughout the United States.

17.     As a result of the creation and distribution of photographs and videotape of the event, the Plaintiffs initiated a lawsuit in the United States District Court for the Northern Division of Ohio, Eastern Division, bearing Case Number 4:04CV0393.

18.     The litigation was resolved by May 2004. As part of the resolution, the Plaintiffs were assigned, and became the owners of, the following copyrighted works:  (a) the collection of Bosley wet T-shirt photos from Lenshead.com (employer for hire of Gontran Durocher); (b) the videotape known as Dreamgirls, Inc.'s Spring Break 2000 created by Dreamgirls, Inc. (employer for hire of Jim Faile); and (c) Wildwett.com's The Naked News Anchor created by Dreamgirls, Inc. dba Wildwett.com (employer for hire of Jim Faile).

19.     Plaintiffs took the extraordinary steps of instituting federal litigation to obtain the copyrights to the photographs and video of the wet T-shirt contest to put an end to the widespread and unauthorized distribution of the material depicting Bosley, and to control use of Bosley's image in the future.

20.     On August 16 and 25, 2004, Plaintiffs duly registered the copyrighted works with the United States Copyright Office, in accordance with Title 17, United States Code.  Copies of the Certificate of Registration for the copyrighted works are attached hereto and incorporated herein as Exhibit A.

21.     By obtaining and properly filing the copyrights for the works in August of 2004, Plaintiffs were granted the exclusive rights bestowed in the Copyright Act to control, reproduce,

4

publicly perform or display, or to prevent the reproduction or public display of the copyrighted works outlined in Exhibit A.

22.     Defendants, without the permission, consent or knowledge of Plaintiffs, reproduced and publicly displayed and distributed a copyrighted photograph of Bosley from the collection of Bosley wet T-shirt photos, Lenshead.com (employer for hire of Gontran Durocher) on a massive scale nationwide in the February 2006 issue of Hustler Magazine.

23.     Defendants' unauthorized and infringing use of the copyrighted photograph of Bosley from the collection of Bosley wet T-shirt photos, Lenshead.com (employer for hire of Gontran Durocher) in the February 2006 issue of Hustler Magazine was part of the Defendants' marketing strategy designed to increase their revenue, solely for the Defendants' own commercial gain.

24.     For their own profit and advantage, Defendants knowingly misappropriated the non-transformed, copyrighted photograph in which Plaintiffs invested heavily to obtain. Defendants' actions produced financial gain for Defendants while, at the same time, damaged the Plaintiffs. Defendants have usurped the purpose of Plaintiffs' battle to obtain the copyrights in the first place – to control and prohibit its use, distribution and publication.

25.     Defendants' conduct directly, secondarily and vicariously infringed the copyright in a work owned by and exclusively licensed to Plaintiffs that is the subject of a valid Certificate of Copyright Registration from the Register of Copyrights.  (See Exhibit A).

**FIRST CAUSE OF ACTION**

26.     Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

27.     Plaintiffs have complied in all respects with the Copyright Act set forth in 17 U.S.C. §§ 101 *et seq.* and all other laws and regulations governing copyrights, and they have

properly secured exclusive rights and privileges to the subject photograph and related copyrighted works.

28.     Defendants, individually, and/or by and through their authorized employees, agents, and/or affiliates made, caused to be made, and directed the copying and widespread distribution of Plaintiffs' copyrighted photograph for their own financial gain.  Defendants' conduct constitutes direct infringement of Plaintiffs' exclusive right under the Copyright Act to reproduce, use and control their copyrighted works.

29.     As a direct and foreseeable consequence of the Defendants' infringement, Plaintiffs have suffered and continue to suffer damages.

30.     Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully. Therefore, Plaintiffs seek to recover enhanced statutory damages as set forth below.

## SECOND CAUSE OF ACTION

31.     Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

32.     By encouraging their readers to "nominate local news babes" in their "Hot News Babes" promotion, and by asking their readership to "include pictures when possible," Defendants have engaged in contributory infringement of copyrighted work owned by Plaintiffs, without authority, permission, or consent by inducing, causing, or materially contributing to the infringing activities alleged herein with knowledge of such infringing activities.  Readers are offered a "Hustler Prize Pack" as incentive to make such infringing submissions and the contest is designed to further increase interest in and sales of the magazine.

33.     As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

34.    Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully.  Therefore, Plaintiffs seek to recover enhanced statutory damages as set forth below.

### THIRD CAUSE OF ACTION

35.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

36.    Defendants' readers and/or subscribers infringed upon Plaintiffs' rights in their registered copyrighted works as a result of the direct encouragement, and at the specific request of the Defendants to submit Plaintiffs' copyrighted works to the Defendants for publication.  As further incentive, Defendants offered prizes to their readers and/or subscribers as an inducement for the infringing activity.  Defendants' readers and/or subscribers directly infringed upon Plaintiffs' exclusive rights of reproduction, public performance and public display under 17 U.S.C. §§ 106(1), (3) and (5).

37.    Defendants are vicariously liable for the infringing acts of their readers and/or subscribers. Defendants had the exclusive right and the ability to prevent the infringing conduct by simply refusing to republish the copyrighted works.

38.    Upon information and belief, Defendants currently engage in practices to enforce content restrictions and protect their own copyrighted works, as well as the copyrighted works of their business partners and subsidiaries, but Defendants withhold those same protections for the copyrights of persons, including Plaintiffs, who have not granted licenses to Defendants or their readers and/or subscribers.

38.    As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

39.     Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully.  Therefore, Plaintiffs seek to recover enhanced statutory damages as set forth below.

## FOURTH CAUSE OF ACTION

40.     Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

41.     Defendants, individually, and/or by and through their authorized employees, agents and/or affiliates, misappropriated, published, and/or distributed for their own use or benefit the likeness of Bosley, which has intrinsic value, by directly or indirectly engaging in distributing, copying, reproducing, and/or selling of copyrighted works owned by Plaintiffs in order to cause injury and harm to Plaintiffs, while simultaneously benefiting therefrom.

42.     As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

43.     Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done with actual malice. Therefore, Plaintiffs assert that they are entitled to punitive damages as set forth below.

## FIFTH CAUSE OF ACTION

44.     Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

45.     Defendants, individually and/or by and through their authorized employees/agents, used Bosley's persona for a commercial purpose knowingly without her consent and in violation of O.R.C. § 2741.01, *et seq.*

46.     As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

47.    Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done with actual malice.  Therefore, Plaintiffs assert that they are entitled to punitive damages as set forth below.

### SIXTH CAUSE OF ACTION

48.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

49.    The conduct of Defendants constitutes unfair, unconscionable, and/or deceptive trade practices in the course of their business and in the conduct of trade or commerce, in violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.01, *et seq.*  In that regard, Defendants' conduct has and will continue to cause a likelihood or probability of confusion or misunderstanding as to the existence of any relationship, affiliation, connection, association, sponsorship, and/or endorsement between Bosley and the illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs and/or those individuals and/or entities who illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs.

50.    Defendants' conduct has damaged and will continue to damage Bosley's goodwill and reputation and has resulted in losses to Plaintiffs and an illicit gain of profit to Defendants in an amount that is unknown at the present time.  Furthermore, Defendants' conduct was willful and Defendants knew of the deceptive nature of their acts.

### SEVENTH CAUSE OF ACTION

51.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

52.    Defendants Hustler, Inc. and LFP, Inc. are vicariously liable for all claims/damages alleged herein committed by their respective employees' principals and/or agents, pursuant to the doctrine of *respondeat superior.*

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A.       That Defendants be required to pay Plaintiffs, at Plaintiffs' election, either: (1) such damages as Plaintiffs have sustained as a result of Defendants' copyright infringement together with all gains, profits, and advantages derived therefrom by Defendants or (2) statutory damages of up to One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement of each of the copyrighted works owned by Plaintiffs.

B.       That Defendants be required to pay Plaintiffs, at Plaintiffs' election, either: (1) the actual damages Plaintiffs have sustained as a result of Defendants' violations of her right to publicity or (2) statutory damages of up to Ten Thousand Dollars ($10,000.00) for each of the Defendants' violations of Mrs. Bosley's right to publicity pursuant to O.R.C. § 2741.07 (A) (1) (b).

C.       That Defendants be ordered to pay Plaintiffs all costs they incurred in bringing this action, including reasonable attorneys' fees.

D.       That Defendants be order to pay damages to the full extent authorized by Section 4165.01, *et seq*. of the Ohio Revised Code.

E.       That punitive damages to be assessed against Defendants, and awarded in favor of Plaintiffs, in an amount not less than One Million Dollars ($1,000,000.00), as Defendants acted with actual malice toward Plaintiffs in participating in the misconduct alleged herein.

F.       Compensatory damages, and such other and further relief be awarded to Plaintiffs that this Court deems just, proper, and equitable.

Respectfully submitted,

_____
Andrew A. Kabat        (0063720)
Bradley J. Barmen      (0076515)
Haber Polk, LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Phone  (216) 241-0700
Fax      (216) 241- 0739
akabat@haberpolk.com
bbarmen@haberpolk.com

Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs request a trial by jury on all claims so triable in this case.

_____
Andrew A. Kabat        (0063720)
Bradley J. Barmen      (0076515)