UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE BALSLEY, *et al.*, | ) | Case No.: 1:08 CV 491 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| LFP, INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending in the above-captioned case are: (1) Defendant LFP, Inc.'s ("Defendant") Motion for Attorney Fees as the Overall Prevailing Party (ECF No. 147); and (2) Plaintiffs Catherine Balsley's and Richard Brown's (collectively, "Plaintiffs") Motion for Attorney Fees and Costs Pursuant to 17 U.S.C. Section 505 and Civil Rule 54 (ECF No. 149). Although two Defendants are listed on the docket in this case, LFP, Inc. and Hustler, Inc., the parties agreed prior to trial that LFP, Inc. was the sole Defendant.

## I. FACTS AND PROCEDURAL HISTORY

The instant case concerns the publication by LFP, Inc., the parent company of Hustler Inc., of a photograph of Catherine Balsley, also known as Catherine Bosley ("Bosley") in the February 2006 issue of Hustler Magazine. Both Bosley and her husband claim a copyright in the published photograph.

In March 2003, Bosley participated in a wet T-shirt contest in Key West, Florida. Bosley undressed while on stage, and members of the audience took photographs and made video recordings

of her. Some of the photographs and videos were posted on the Internet, which resulted in Bosley resigning from her position as a television news anchor in Youngstown, Ohio. The photograph at issue in this case was taken by Mr. Gontran Durocher and posted by him on his website, www.lenshead.com. The photograph portrays a partially nude Bosley on stage during the wet T-shirt contest.

Plaintiffs secured the copyright to the photograph at issue, as well as other works, in May 2004. (Ohio Case Number 4:04-CV-0393.) Plaintiffs registered their copyright with the United States Copyright Office. (Compl. ¶ 20.) Defendant received the photograph as a result of a contest, where it asked readers to submit photographs of attractive news women. The person submitting the winning photograph would win a Hustler prize pack. Someone sent a letter to Hustler submitting Ms. Bosley as his "Hot News Babe." (2005 Letter to Hustler, ECF No. 48-6.) He did not attach the photograph but instead stated that he "could send pics, but [Hustler] should have no trouble GOOGLEing them [itself]." (*Id.*)

Defendant published the photograph of Bosley in their "Bits and Pieces" section of the February 2006 issue as a part of their monthly "News Babes" feature. The commentary with the photograph stated:

> This month's eye candy is Catherine Bosley from Cleveland's WOIO Channel 19. The anchorwoman not only looks good but apparently also likes to party. Previously, while at WXEN in Youngstown, Ohio she tendered her resignation after topless shots of the fetching blonde at a Florida wet T-shirt contest surfaced all over the Internet. Thanks to K.B. for an excellent submission. (ECF No. 48, Ex. 3.)

Subsequently, Plaintiffs brought this action, alleging: (1) direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement, all pursuant to 17 U.S.C. § 101, *et seq.*; (2) violation of the Ohio common law right to privacy; (3) violation of the right of

publicity, pursuant to Ohio Revised Code § 2741, *et seq.*; (4) violation of the Ohio Deceptive Trade Practices Act, pursuant to Ohio Revised Code § 4165, *et seq.*; and (5) *respondeat superior*. (Compl., ECF No. 1.) In an Order on December 2, 2008, the court dismissed the claims for violation of the Ohio Deceptive Trade Practices Act and for *respondeat superior*. (ECF No. 17.) The parties stipulated to dismissal of Plaintiffs' second and third causes of action for contributory and vicarious copyright liability on April 13, 2009, and the court approved the dismissal on April 22, 2009. (ECF Nos. 31, 32.) In an Order on January 26, 2010, the court granted summary judgment in favor of Defendant on Plaintiffs' privacy and right of publicity claims. (ECF No. 70.) Therefore, Plaintiffs' direct copyright infringement claim remained.

A jury trial began on March 18, 2010. Before the end of trial, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 (ECF No. 137). The court deferred ruling on the Motion. The jury rendered a verdict on March 25, 2010 in favor of Plaintiffs in the amount of $135,000. The jury also found that the Defendant did not act willfully. (Verdict Form, ECF No. 143.) Thereafter, the court denied Defendant's Motion for Judgment as a Matter of Law (ECF No. 137) on March 30, 2010 (ECF No. 144).

## II. LEGAL STANDARD

Title 17 U.S.C. § 505 states:

> [i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The decision whether to award attorney's fees is within the court's discretion. *Id.*; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("Prevailing plaintiffs and prevailing defendants are to be

treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). The *Fogerty* Court distinguished the Copyright Act from Civil Rights legislation and determined that plaintiffs who prevail on cases pursuant to the Copyright Act should not be routinely awarded attorney's fees. *Id.* Similarly, the Sixth Circuit has determined:

> [t]he discretion to grant attorney fees in copyright infringement cases is to be exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act.

*Bridgeport Music v. Diamond Time*, 371 F.3d 883, 893 (6th Cir.2004); *Jones v. Blige*, 558 F.3d 485, 494 (6th Cir. 2009).

The Supreme Court determined that "[t]here is no precise rule or formula for making" the determination of whether to award attorney's fees and the determination of the portion of fees to be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1933). The Court in *Fogerty*, however, did adopt a nonexclusive list of four factors for courts to consider when deciding whether to award attorney's fees. They are: (1) frivolousness; (2) motivation; (3) objective unreasonableness; and (4) the need "to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535, fn. 19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d. Cir. 1986). *See also Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002) ("Such fees are subject to the discretion of the trial court and should be based upon the factors listed in the district court's order, such as, frivolousness of the claim, motivation, reasonableness, and deterrence."). The *Fogerty* court determined that these four factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty*, 510 U.S. at 535, fn. 19.

### III. LAW AND ANALYSIS

**A.  Defendant's Motion for Attorney Fees**

Despite the fact that the jury found that Defendant was guilty of copyright infringement and awarded Plaintiffs $135,000, Defendant maintains that it is the prevailing party in this action. A "prevailing party" is defined as "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d. Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). *See also Utica College v. Gordon*, Sl. Cop., Nos. 09-4451-cv (L), 09-4759-cv (xap), 2010 WL 3157169, *3 (2d. Cir. Aug. 11, 2010) The Supreme Court stated, albeit not in the copyright context, that a party need only achieve partial success in order for it to be considered the "prevailing party" if the party "succeed[s] on any significant issue in litigation which achieves some of the benefit… sought in bringing suit." *Hensley*, 461 U.S. at 433 (internal citation omitted) (involving 42 U.S.C. § 1988, which states that the prevailing plaintiff should ordinarily recover attorney's fees). The Supreme Court has further stated that "at a minimum, to be considered a prevailing party within the meaning of § 1988," the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n. v. Garland Indep. School Dist.*, 489 U.S. 782, 792 (1989). Other courts have determined that partial attorney's fees awards are permissible where a party achieves partial success in a copyright infringement action. *E.g., Knitwaves, Inc. v. Lolly togs Ltd., Inc.*,Nos. 96-7402, 96-7582, 1996 WL 68075, *2 (2d. Cir. Nov. 22, 1996); *IO Group, Inc. v. Jordan, Sl. Cop.*, No. C 09-0884, 2010 WL 2231793, *4 (N.D. Cal. Jun. 1, 2010).

Defendant also argues that it prevailed on six of the seven alleged counts and therefore it is the prevailing party in this lawsuit.  This argument is not well-taken. The seven original counts in

this case are: (1) direct copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) Ohio common law claim for violation of privacy; (5) Ohio statutory claim for violation of right to publicity; (6) violation of the Ohio Deceptive Trade Practices Act; and (7) a cause of action for *respondeat superior*. The claims for Contributory and Vicarious Copyright Infringement were dismissed when Plaintiffs agreed to a stipulated dismissal of those claims. A stipulated dismissal does not make Defendant the prevailing party on these claims for the purposes of the Copyright Act's fee-shifting provisions. *See Chambers v. Time Warner, Inc.*, 279 F.Supp.2d 362, 365-66 (S.D.N.Y. 2003). Defendant did prevail on the Ohio common law claim for violation of privacy, Ohio statutory claim for violation of right to publicity, the claim under the Ohio Deceptive Trade Practices Act, and the cause of action for *respondeat superior*.

Defendant argues that it is entitled to fees for "prevailing" on the Deceptive Trade Practices Act Claim. Under Ohio law, however, the prevailing defendant in this type of claim can only be awarded attorney's fees if the plaintiff knew that the action was groundless. O.R.C. § 4165.03(B) ("An award of attorney's fees may be assessed against a plaintiff if the court finds that the plaintiff knew the action to be groundless."). Defendant has not demonstrated that Plaintiffs knew this claim was groundless at the time of filing the Complaint. Plaintiffs also argue that their right of publicity claim was made in good faith, as it was predicated on the same facts underlying the direct copyright infringement claim, and therefore, Defendant should not be awarded attorney's fees.

Pursuant to the above standards, Plaintiffs were the prevailing party in the instant case. The Defendant was therefore not the prevailing party and should not be awarded fees. 17 U.S.C.§ 505. When the jury found that Defendant infringed upon Plaintiffs' copyright and awarded Plaintiffs $135,000, the relationship between the parties was materially altered. See *Garcia*, 561 F.3d at 102.

Plaintiffs succeeded on a "significant issue" and achieved a benefit sought by bringing suit in the first place. *See Hensley*, 461 U.S. at 433. The significance of the fact that Plaintiffs did not prevail on six claims is more appropriately addressed in the context of how much of the requested attorney's fees Plaintiffs should receive.

### B. Plaintiffs' Motion for Attorney Fees

#### 1. Decision to Award Attorney's Fees to Plaintiffs

As stated above, the court finds that Plaintiffs are the prevailing party in this lawsuit. The most critical factor for the district court to examine when deciding whether to award fees is the degree of success obtained. *Hensley*, 461 U.S. at 436; *Guthy-Renker Corp. v. Bernstein*, 39 F. App'x 584, 587 (9th Cir. 2002). In this case, Plaintiffs prevailed on their direct copyright infringement claim. Hereafter, the court will analyze the factors outlined in *Fogerty*, 510 U.S. at 535, fn. 19, to determine whether Plaintiffs should be awarded attorney's fees.

##### a. Frivolousness

Plaintiffs argue that Defendant's defense to the claim for copyright infringement was frivolous. Defendant counters that its "fair use" defense was not frivolous given that the court, in its Order denying Defendant's Motion for Summary Judgment, "ruled that whether the fair use defense barred Plaintiff's claim was a question of fact." (Def.'s Opp. to Pls.' Mot. for Atty. Fees, ECF No. 156, at p. 9.) The court agrees with Defendant that its defense was not frivolous. There was a genuine issue of material fact as to whether Defendant could rely on the fair use defense. Just because the jury determined that Defendant's defense was without merit does not make it frivolous. *Positive Black Talk Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 383, n.23 (5th Cir. 2004) (abrogated on other grounds).

### b. Motivation

Plaintiffs further argue that Defendant's motivation for defending this case was "improper and predatory." (Pls.' Mot. for Atty. Fees, ECF No. 149, at p. 8.) Plaintiffs argue that Defendant was motivated by profit. Plaintiffs maintain that Defendant's Motion for Attorney's Fees is evidence of Defendant's allegedly improper motive. Defendant argues that the jury's finding that Defendant's copyright infringement was not willful "underscores that LFP did not act with improper motive." (Def.'s Opp. to Pls.' Mot. for Atty. Fees, ECF No. 156, at p. 11.)

A distinguishing factor in this analysis is whether or not the infringer profited from the copyright infringement. The court in *Thoroughbred Software Intern., Inc. v. Dice Corp.*, 529 F.Supp.2d 800, 803 (E.D.Mich. 2007), did not award attorney's fees to the prevailing plaintiff in part because the defendants who violated the Copyright Act did not profit from the copyright violation. This case is different in that there was evidence at trial that Defendant did profit from using Ms. Bosley's photograph. Profiting from a copyright violation weighs in favor of awarded attorney's fees. *Thoroughbred*, 529 F.Supp.2d at 803.

### c. Objective unreasonableness

Plaintiffs argue that Defendant's "fair use" defense was unreasonable. Plaintiffs maintain that it was unreasonable for Defendant to argue that the commentary by Ms. Bosley's photograph was a type of social commentary and therefore constituted news. Defendant counters that because defining what is "newsworthy" is difficult, photographs of Bosley had been broadcast on national television shows, and courts are wary to determine what constitutes news, Defendant was entitled to make a "fair use" defense. (Def.'s Opp. to Pls.' Mot., ECF No. 156, at p. 10.) The court determines that although the jury disagreed with Defendant's classification of the Bosley photograph

and accompanying commentary as newsworthy, Defendant's argument was not unreasonable. The court finds that Defendant's "fair use" defense was reasonable and appropriate.

### d. Considerations of compensation and deterrence

Plaintiffs argue that awarding them attorney's fees would advance the consideration of fair and just compensation of Plaintiffs for Defendant's copyright infringement. Plaintiffs argue that the evidence at trial showed that the photo of Plaintiff Bosley increased Defendant's profits. Defendant argues in response that it "did not realize any increased profits from publication of the Bosley Photo." (Def.'s Opp. to Pls.' Mot. for Atty. Fees, ECF No. 156, at p. 11.) The court finds that Plaintiffs did not receive a "windfall." *See Thoroughbred*, 529 F.Supp.2d at 803. The jury could reasonably have found from the evidence presented at trial that Defendant did make a profit from the use of Ms. Bosley's photograph.

Plaintiffs also argue that awarding them attorney's fees will deter Defendant from engaging in similar conduct in the future. According to Plaintiffs, Defendant earned $833,000 from the newsstand sales of the magazine, and the jury verdict for $135,000 therefore will not serve as a sufficient deterrent for Defendant. The court finds that deterrence is a significant factor to consider in this case, especially in light of the fact that Defendant did not undertake an extensive investigation to determine whether the material was copyrighted when it appears that it should have.

On balancing the relevant factors, the court determines that Plaintiffs are entitled to attorney's fees. The court is persuaded by deterrence concerns and the fact that there is evidence that Defendnat profited from the photograph. As stated in *Bridgeport*, 520 F.3d at 592 (internal citation omitted), granting fees and costs "is the rule rather than the exception" and are "routinely" awarded. The primary objective of the Copyright Act is to "encourage the production of original

literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524. This goal is upheld by awarding fees in this case because it will deter Defendant from publishing copyrighted material in the future. Therefore, because Plaintiffs prevailed on their direct copyright infringement claim, attorney's fees support deterrence, and Defendant was seeking to profit by using Plaintiffs' copyrighted photograph, the court awards attorney's fees to Plaintiffs.

### 2. Calculation of Attorney's Fees

Plaintiffs' attorneys state that they spent 850 hours litigating this case, which is worth $281,272.50. When determining the amount of attorney's fees to award, the court must consider equity. *Fogerty*, 510 U.S. at 534. Plaintiffs' Complaint alleged seven counts. (Compl., ECF No. 1.) Plaintiffs only prevailed on one count, direct copyright infringement. It would be inequitable for Plaintiffs to receive attorney's fees for all of the hours their attorneys worked given that Plaintiffs did not prevail on all counts. The case of *Hensley*, 461 U.S. at 436, states that the "most critical factor" in determining a reasonable fee "is the degree of success obtained." The Court in *Hensley* explained,

> [i]f, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.

*Id*. *See also Smith v. Borough of Dunmore*, No. 3:05-CV-1343, 2008 WL 4542246, *2 (M.D. Pa. Oct. 9, 2008). Further, the court can consider Plaintiffs' settlement demand with the jury award to evaluate Plaintiffs' overall success. *EMI Catalogue Ptshp. v. CBS/Fox*, No. 86 Civ. 1149, 1996 WL 280813, *2 (S.D.N.Y. May 24, 1996) ("[T]he Court can consider evidence of settlement negotiations where, as here, that evidence is probative of the objective unreasonableness of the claim for purposes

-10-

of determining whether to award attorney's fees under the Copyright Act."). In this case, Plaintiffs demanded $700,000 and received $135,000. (Manna Decl., ECF No. 156-1, at p. 6.) The court therefore finds that Plaintiff is entitled to a partial award of attorney's fees, not a full award.

Defendant argues that if Plaintiffs were to receive any attorney's fees, they would be entitled to at most 19% of their requested amount. Defendant maintains that $135,000 is less than 12% of the overall damages sought in the Complaint and only 19% of Plaintiffs' settlement demand. (Def.'s Opp. to Mot. for Costs and Atty's Fees, ECF No. 156, at p. 5.) The court finds Defendant's calculations to be inequitable. Furthermore, it would not be appropriate to classify the outcome of this case as Plaintiffs only being successful on one seventh of their case. The claim that Plaintiffs won was the most important claim, for the claim for direct copyright infringement served as a basis for the other six claims. Further, Plaintiffs won the direct copyright infringement claim at trial, which required substantial preparation. Defendant makes much of the fact that Plaintiffs requested $700,000 and only received $135,000. Notably, Defendant's initial offer was $15,000, so Plaintiffs' award of $135,000 far surpassed what Plaintiffs would have received had they accepted Defendant's initial offer. (Manna Decl., ECF No, 156-1, at p. 8.)

The court therefore finds that Plaintiffs are entitled to a partial attorney's fees award of $112,509.00, which is 40% of the total attorney's fees. The court finds that this is equitable given Plaintiffs' partial success in this case. *See Hensley*, 461 U.S. at 436-37 ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.").

In addition, Plaintiff asks for $21,303.51 in litigations costs. Whether or not to award costs

-11-

is in the court's discretion. 17 U.S.C.§ 505. The court finds that Defendant should pay Plaintiffs' costs in the amount of $21,303.51. Therefore, Plaintiffs are hereby awarded a total of $133,812.51 in attorney's fees and costs.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby denies Defendant's Motion for Attorney Fees as the Overall Prevailing Party (ECF No. 147), and grants Plaintiffs' Motion for Attorney Fees and Costs Pursuant to 17 U.S.C. Section 505 and Civil Rule 54 (ECF No. 149). The court, however, modifies the amount requested by Plaintiffs. Defendant shall pay Plaintiffs $133,812.51 in attorney's fees and costs.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2011